IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

IN RE:　　BOBBY JOE HATTON　　　　　　　　　　　CASE: 6:12-BK-70080
　　　　　　and WANDA JUNE HATTON　　　　　　　　CHAPTER 7
　　　　　　DEBTORS

EUGENE PARLIMENT　　　　　　　　　　　　　　　　PLAINTIFF

VS.　　　　　　　　　　　　AP_____

BOBBY JOE HATTON and WANDA JUNE HATTON　　　　DEFENDANTS

## COMPLAINT OBJECTING TO DISCHARGE, AND TO DETERMINE DISCHARGEABILITY

Comes now the Plaintiff, Eugene Parliament, by and through his attorney, John Howard, Attorney at Law, P.A., and for his complaint states:

1. The Defendants filed a Petition for Relief under Chapter 7 of Title 11 on February 10, 2012.

2. The Court has jurisdiction and this is a core proceeding pursuant to 28 U.S.C. 157; and 28 U.S.C. 1334.

3. Plaintiff was a secured creditor of the Defendants by virtue of the unsatisfied mortgage and promissory note issued in favor of him by the Debtors in the amount of $186,657.46 on November 12, 1996 and recorded on January 2, 2003. Plaintiff holds the position of a secured creditor by virtue of the judgment liens related to the foreclosure of said mortgage and note, and entered March 2, 2011, and September 7, 2011, against Defendants in *Parliament v. Hatton*, Montgomery County Circuit, CV–2009–73, Montgomery County, Arkansas. Copies of the judgments are attached hereto and incorporated herein as Exhibit 1.

4. Real and personal property was ordered sold by the Circuit Court of Montgomery

County, Arkansas, and the proceeds were used to pay other lienholders, and partially satisfy the outstanding judgments in favor of Plaintiff. As of the date of second judgment, as set forth in Exhibit 1, Defendants are indebted to Plaintiff in the amount of $220,623.92, together with interest at the rate of 6 percent per annum.

5. Plaintiff asserts that Defendants have committed fraud, misrepresentation, coercion, and intimidation on multiple occasions related to the underlying debt at issue. Defendants have attempted to disrupt, evade and thwart the lawful collection of the judgment owed to Plaintiff. The circuit court ordered a commissioner's sale of real property and personal assets and such sale was held on April 7, 2011. Defendant Bobby Joe Hatton was the high bidder on various personal property items consisting of industrial machinery which he had previously used in his machine shop business. The personal property ordered sold consisted of:

1992 Datsun Forklift P8000 UF003A40V003 Chassis #UF03-000311, Insight Computer System & Cash Register, HAAS Model VF-0E CNC Vertical Machining Center (S/N 4596), Ultima Acer Mill Model 3VKH, (S/N L1SIE0389) with Fanuc OMF Control (S/N T95420113) with BT40 Tool System with all attachments and accessions and all other equipment and inventory of the Defendants Bob Hatton and Wanda Hatton.

6. At the sale, Defendant Bobby Joe Hatton bid $31,000 on said items. Plaintiff was the underbidder at $30,000. Defendant Bobby Joe Hatton wrote a personal check to the commissioner in the amount of $3,100 as security. Hatton's check was returned for insufficient funds, the sale was set aside, and a second sale was ordered. Plaintiff asserts that Defendants' actions were intended to delay the proper court ordered disposal of the assets.

7. At the second sale, held June 6, 2011, the personal property to be sold consisted of: 1992 Datsun Forklift P8000 UF003A40V003 Chassis #UF03-000311, HAAS Model VF-0E CNC

Vertical Machining Center (S/N 4596), Leadwell Model LTC-20 APCNC Turning Center (S/N L2SID0043) with Fanuc OMF Control and Tooling Package & Leadwell Model MCV-760 APCNC Vertical Machining Center (S/N L1SIE0389) with Fanuc OMF Control (S/N T95420113) with BT40 Tool System.

8. At the second sale the property was sold for $1,900 to a third party. At the sale Defendant Bobby Joe Hatton publicly announced that any person who bought the property would be subject to a storage fee of up to $1,000 daily on the machinery and equipment. The equipment was located at Defendant's premises and due to its extreme weight, large, cumbersome size and location, would require substantial time and effort to relocate. The effect of Defendant's announcement was to chill the bidding at the sale. Essentially the same equipment that sold for $31,000 at the first sale sold for $1,900 at the second sale.

9. Plaintiff asserts that the third party who purchased the property at the second sale was an acquaintance and associate of Bobby Joe Hatton, who acted as a straw man in collusion with Defendants. Plaintiff asserts that the property was in the possession and/or control of Defendants prior to the sale, after the sale, and remains in the possession and/or control of the Defendants today, except for assets that Defendants may have subsequently disposed of. Defendants listed several of the machines in their bankruptcy schedules filed herein as their property and proposed to exempt said items from creditors. The Haas machining center alone was valued and exempted by Defendants at $5,000, more than 2.5 times the price paid for all items.

10. Defendants' actions are fraudulent, wasteful, conducted in bad faith, and intended to avoid the Plaintiff's lawful debt, while at the same time retaining the use and enjoyment of the assets for themselves.

11. Plaintiff asserts that Defendants have committed fraud and misrepresentation related to

their bankruptcy proceeding, the pleadings and documents filed therein, and their testimony at their 341(a) meeting.

12. Defendants scheduled ownership of their residence and 148.7 acres at 773 West Bend, Sims, AR, with a value of $179,850 and an outstanding debt of $192,143 owed to Farm Credit Services. Defendants failed to disclose that said 148.7 acres are contained in five separate parcels, and thus not all property may not be subject to homestead provisions of bankruptcy law and/or state law. Defendants have used the value ascribed by the Montgomery County assessor to value this real estate, which does not reflect actual market value. Plaintiff asserts that Defendants have substantially undervalued this real property, as such land in the area generally sells for $2,000 to $4,000 per acre. Plaintiff asserts that Defendants have substantial equity in this real property and have purposely undervalued said land in order to avoid said equity being exposed to creditor claims and trustee liquidation.

13. Defendants have scheduled ownership of 11.5 acres at Sims, AR with a value of $2,350 and an outstanding debt of $8,629.56 owed to Diamond Bank. Defendants have used the value ascribed by the Montgomery County assessor to value this real estate, which does not reflect actual market value. Upon information and belief, Plaintiff asserts that Defendant have substantially undervalued this real property, as such land in the area generally sells for $2,000 to $4,000 per acre. It is against common sense to accept that a lender would knowingly loan at least $8,629.56 on collateral valued at $2,350. Defendants listed no other collateral securing this obligation. Plaintiff asserts that Defendants have substantial equity in this real property and have purposely undervalued said land in order to avoid said equity being exposed to creditor claims and trustee liquidation.

14. Defendants scheduled ownership of 2 acres at Sims, AR with a value of $400 and no

outstanding debt. Defendants have used the value ascribed by the Montgomery County assessor to value this real estate, which does not reflect actual market value. Plaintiff asserts that Defendants have substantially undervalued this real property, as such land in the area generally sells for $2,000 to $4,000 per acre. Plaintiff asserts that Defendants have substantial equity in this real property and have purposely undervalued said land in order to avoid said equity being exposed to creditor claims and trustee liquidation.

15. Defendants failed to disclose or schedule their ownership of three lots and a mobile home at 16 Overcrest Drive in Montgomery County, Arkansas, as well as any rental income that may be derived from said property. Plaintiff asserts that Defendants have substantial equity in this real property and have purposely failed to disclose its existence in order to avoid said equity being exposed to creditor claims and trustee liquidation.

16. Plaintiff asserts that Defendants purposely undervalued numerous other items of personal property in their schedules, including 46 cows with a listed value of $9,500, which equates to $206 per animal; two rifles; jewelry; household furnishings; and various machine tools.

17. Defendants failed to disclosed numerous items in their petition, schedules and statement of financial affairs, which items were only discovered upon questioning at Defendants' 341(a) meeting, including the existence of a tractor and implements; a substantial amount of livestock feed; and an insurance claim for fire damage at their residence for which they have not repaired the damage.

18. Defendants appeared for their 341(a) meeting on February 10, 2012. Under questioning by Plaintiff's attorney, Defendants provided incomplete and evasive answers, a number of which conflicted with their sworn statements in the documents filed in their bankruptcy proceeding. Defendants refused to allow Plaintiff to inspect any property. Plaintiff

asserts that Defendants may have disposed of various items of property within one year prior to filing their petition or subsequent to the filing of their petition. Plaintiff asserts that Defendants may have disposed of records and documents evidencing any such transactions.

19. On April 5, 2012, Defendants filed amended schedules D and F, disclosing, among other things, the existence of secured debt consisting of a mortgage in the amount of $500,000 in favor of Arkansas Development Finance Authority. Defendants failed to schedule any collateral that secures said mortgage. Neither Plaintiff nor the Chapter 7 Trustee was afforded the opportunity to examine Defendants about said debt and any related assets at Defendants' 341(a) meeting due to the last minute disclosure.

20. Plaintiff asserts that the income and expenses claimed by Defendants do not represent their actual income and expenses.

21. Plaintiff asserts that Defendants' bankruptcy has been filed in bad faith, and for the sole purpose of avoiding the lawful collection of Plaintiff's legitimate debt.

22. Plaintiff objects to Defendants' discharge and demands the Court determine dischargeability of the debt owed by Defendants to Plaintiff, pursuant to the provisions of 11 USC 727 (a) (2), (3), (4), (5) (7); (c)(1), (2); and 11 USC 523 (a)(2), (3), (4) and any other applicable provisions of said statutes.

23. The Plaintiff seeks an order from the court directing the trustee to examine the acts and conduct of the debtor to determine whether a ground exists for denial of discharge pursuant to 11 USC 727 (c)(2).

24. Plaintiff seeks an order denying Defendants' discharge, determining Plaintiff's debt to be nondischargeable, and confirming Plaintiff's existing judgment.

25. Defendants should be ordered to pay Plaintiff's costs, attorney fees and expenses.

26. Plaintiff reserves the right to plead further, including but not limited to amended complaints, attachments and exhibits.

27. Plaintiff demands a hearing at the Court's earliest convenience.

28. In the event that Defendants fail to respond herein, or appear at a hearing on this matter, Plaintiff seeks an order of dismissal.

WHEREFORE, Plaintiff prays for an order denying the Defendants' discharge, determining Plaintiff's debt to be nondischargeable, for his attorney fees, costs, and expenses, and for all other just and proper relief to which he is entitled.

RESPECTFULLY SUBMITTED,

By: /s/ John Howard
John Howard
Ark. Bar 99141
Attorney for Creditor
455 West Grand
Hot Springs, AR 71901
(501) 623-5070

## CERTIFICATE OF SERVICE

  I, the undersigned attorney, do hereby notify that I have served a copy of the foregoing pleading on all the opposing parties to this action by electronic means and/or mailing a copy thereof to the following on this 9th day of April, 2012.

James F. Dowden, Trustee
212 Center Street
10th Floor
Little Rock, AR 72201

Marc Honey
PO Box 1254
Hot Springs, AR 71902

                /s/ John Howard
                John Howard