12-10-2010

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ARKANSAS
CIVIL DIVISION

EUGENE PARLIMENT                                                PLAINTIFF

VS.                          CASE NO. CV-2009-73

BOBBY HATTON, et ux and et al                                   DEFENDANTS

DIAMOND BANK                                              COUNTER-PLAINTIFF

VS.

EUGENE PARLIMENT                                          COUNTER-DEFENDANT

DIAMOND BANK                                                CROSS-PLAINTIFF

VS.

BOBBY HATTON and
WANDA HATTON, husband and wife
UNITED STATES OF AMERICA,
DEPARTMENT OF TREASURY –
INTERNAL REVENUE SERVICE                                    CROSS-DEFENDANTS

## JUDGMENT

On December 10, 2010 there came on for trial the Complaint of Eugene Parliment and the Counter-Complaint and Cross-Complaint of DIAMOND BANK, the Plaintiff Eugene Parliment appearing in person and by his attorney Bob Keeter; Defendants Bobby Hatton and Wanda Hatton appearing in person and by their attorney J. Brent Standridge; and Defendant, Counter-Plaintiff and Cross-Plaintiff, DIAMOND BANK, (hereinafter referred to as "DB"), appearing through John Eoff, Chief Lending Officer of DB and by its attorney, RICHARD L. COX, P. A.; and Defendant United States of America, Department of the Treasury – Internal Revenue Service by Deborah Groom, United States Attorney by Mark W. Webb, Assistant U.S. Attorney having sent a letter to the Court acknowledging that the

1

interest of the USA in the subject property is junior, inferior and subordinate to the interest of DB and to the interest of Eugene Parliment, and upon the testimony of Eugene Parliament and John Eoff, the documents introduced and the argument of counsel the Court finds as follows:

1. This Court has jurisdiction over the actions herein, the subject matter herein and all of the parties hereto, provided the jurisdiction as to Defendant United States of America, Department of the Treasury – Internal Revenue Service is limited to jurisdiction over the lien of the IRS in the subject property.

2. At the trial of this case Bobby Hatton and Wanda Hatton entered their appearance, consented to the Court's jurisdiction as to the Cross-Complaint of DB and acknowledged the validity of the liens asserted by Parliment and DB and offered no defense to the Complaint of Parliment or the Cross-Complaint of DB.

3. The real property that is the subject of this action is situated in Montgomery County, Arkansas.

4. For a valuable consideration and in renewal of prior notes, Cross-Defendants BOBBY HATTON and WANDA HATTON, husband and wife (hereafter "Borrowers"), executed and delivered to DB their promissory note dated May 14, 2007, a copy of which was attached to the counter-complaint and cross-complaint as *DB Exhibit No. 1.*

5. DB is the sole owner and holder of said note.

6. Said promissory note is secured by a mortgage executed by the Borrowers, acknowledged in the manner required by law, and delivered to DB conveying to DB the real property described therein. Said mortgage was filed for record March 13, 1996 in Mortgage Book 96 at Page 484 *et seq.* of the mortgage records of Montgomery County, Arkansas. A

2

copy of said mortgage was attached to the counter-complaint and cross-complaint as ***DB Exhibit No. 2.***

7. Said promissory note is also secured by a mortgage executed by the Borrowers on July 2, 2002, acknowledged in the manner required by law, and delivered to DB conveying the real property described therein to DB. Said mortgage was filed for record July 16, 2002 in Mortgage Record Book 133 at Pages 321-325 of the Mortgage Records of Montgomery County, Arkansas. A copy of said mortgage was attached to the Counter-Complaint and Cross-Complaint as DB Exhibit No. 3.

8. Said promissory note is also secured by a security agreement dated August 31, 1999 in which the Borrowers granted DB a security interest in a 1992 Datson Forklift P 8000 UF003A40 V003 CHASIS # UFO3-000311, Insight Computer 486dx, 640kb Extended 7168 KB Intel Inside System and cash register. Said security Agreement was filed with the Arkansas Secretary of State as UCC-1 No. 1208906 on September 24, 1999. A copy of said filing was attached to the counter-complaint and cross complaint as DB Exhibit No. 4.

9. The aforesaid UCC-1 was continued by a continuation statement filed May 24, 2004, a copy of which was attached to the Counter-Complaint and Cross Complaint as DB Exhibit No. 5 and a continuation statement filed July 30, 2009, a copy of which was attached to the counter-complaint and cross complaint as DB Exhibit No. 6.

10. On May 14, 2007 the Hattons executed a certain "Commercial Security Agreement" in favor of DB, a copy of which was attached to the counter complaint and cross complaint as DB Exhibit No. 7.

11. DB perfected its security interest in the personal property described in DB Exhibit No. 7 by filing a financing statement with the Arkansas Secretary of State in filing No. 7129504568 on May 8, 2007. A copy of the filing was attached to the counter-complaint and cross-complaint as *DB Exhibit No. 8.*

12. On December 18, 2009 Borrowers sold part of the property described in *DB Exhibit No. 2*.

13. The property sold by Borrowers is set forth in a plat of survey attached to the Second Amended Counter Complaint and Cross Complaint as *DB Exhibit No. 9.*

14. As a result of the aforesaid sale DB received $118,753.54.

15. Diamond Bank executed a Partial Release Deed dated January 26, 2010 that was filed for record February 8, 2010. A copy of said Partial Release Deed was attached to the Second Amended Counter-Complaint and Cross-Complaint as *DB Exhibit No. 9*.

16. After allowing all credits thereon, there is now past due and unpaid on the promissory note principal and interest as of January 7, 2010 in the amount of $115,293.68 with interest accruing thereafter at the daily rate of $28.91238 being 9.25% per annum as provided for in the promissory note, and late charges of $773.31.

17. DB is entitled to payment of the 2008 county taxes on the subject property and the Borrower's 2009 personal property taxes and any delinquent real or personal property taxes that affect the ability to sell the subject real property.

18. Plaintiff is entitled to a reasonable attorney's fee.

19. Counter-Defendant EUGENE PARLIMENT claims an interest in the subject property as set forth in the Complaint in Foreclosure filed herein.

20. The interest of Counter-Defendant EUGENE PARLIAMENT in the property mortgaged by the Hattons to DB is junior, inferior and subordinate to the interest of DB.

21. Cross-Defendant UNITED STATES OF AMERICA, DEPARTMENT OF THE TREASURY – INTERNAL REVENUE SERVICE claims an interest in the subject property under a tax lien.

22. The interest of Cross-Defendant UNITED STATES OF AMERICA, DEPARTMENT OF THE TREASURY – INTERNAL REVENUE SERVICE, is junior, inferior and subordinate to the interest of DB and of Plaintiff Eugene Parliment.

23. DB is entitled to foreclose its mortgage lien on the real property described herein and its security interest in the personal property described herein.

24. Defendants Hatton executed a certain Promissory Note in favor of Plaintiff, a copy of which was attached to the Complaint in Foreclosure as Exhibit "A."

25. The indebtedness evidenced by the Promissory Note and Addendum to Promissory Note and Mortgage referred to in paragraph 24 hereof, is secured by a Mortgage of record in the Mortgage Records of Montgomery County, Arkansas, which was attached to the Complaint in Foreclosure as Exhibit "C,"

Such Mortgage being against the following lands located in Montgomery County, Arkansas, to wit:

> Part of the SW ¼ SW ¼, Section 13, Township 2 South, Range 25 West, described as follows: Beginning at the Southeast corner of said forty; run thence West 484 feet to the middle of the lane that is running North and South; thence North with the lane to the centerline of Hwy. No. 27N; thence follow center line of Hwy 27 N to the East line of said forty; thence South to the Southeast Corner of the said SW ¼ SW ¼ Section 13, Township 2 South, Range 25 West, the Point of Beginning.

Part of the SE ¼ SW ¼ Section 13, Township 2 South, Range 25 West, described as follows: Begin at the Northeast corner of said forty and run South 300 feet; thence run West 600 feet to the center of County Road; thence South 112 feet down County Road; thence West 395 feet down center of County Road; thence South 398 feet to the Right-Of-Way line of Hwy No. 27N the Point of Beginning; thence South 80 degrees East with said Highway 313 feet to the Branch; thence South with the Branch to the South line of said SE ¼ SW ¼ Section 13, thence West to the Southwest Corner of said forty; thence North to North Right of Way of Hwy No, 27N; thence Easterly along Hwy Right of Way to the Point of Beginning.

Part of the North Half of the Northwest Quarter (Pt. N ½ NW ¼ ) of Section Twenty-Four (24) described as follows: Begin at the Northwest Corner of NE ¼ NW ¼ and run East to the Branch; thence Southerly with the branch to a point 270 feet North of the South line of said forty; thence West 365 feet to the center of the South Fork of the Ouachita River; thence Northwesterly with the meandering of and along the center of the South Fork of the Ouachita River to the Easterly boundary line of the Old Albert Pike Highway, known as the Lane; thence North to the North boundary line of the NW ¼ NW ¼ ; thence East 484 feet to the Point of Beginning. All in Township 2 South of the Base Line in Range Twenty-five (25) West of the Fifth Principal Meridian.

Part of the SW ¼ SW ¼ Section 13, Township 2 South, Range 25 West and Part of the NW ¼ NW ¼ of Section 24, Township 2 South Range 25 West described as follows: Commence at the corner of Section 13, Section 14, Section 23 and Section 24; thence North to the centerline of Hwy No. 27N; thence N 71 degrees 32' 44" E 761.75 feet; thence South 41 degrees 05' 48" West 923 feet more or less to center of South Fork of Ouachita River; thence following the South Fork of the Ouachita River to the center of the Old Lane; thence N 8 degrees East along the Center of Old Lane to the centerline of Hwy. No. 27N; thence Southwesterly along Highway Centerline to the Point of Beginning.

26. Defendants HATTON have become in default on the indebtedness evidenced by the aforesaid Promissory Note and Addendum to Promissory Note and Mortgage and that, as of the date of July 30, 2009, the sum of $361,591.13 for principal and accrued interest was owed by Defendants HATTON to Plaintiff on the subject indebtedness.

27. Plaintiff's right to have foreclosure of the Mortgage hereinabove specified has become absolute.

6

28. The aforesaid Promissory Note and Addendum to Promissory Note and Mortgage by Defendants HATTON in favor of Plaintiff, Defendants HATTON contains a right to attorney fees, Court costs and other necessary expenses incurred by Plaintiff in connection with the collection of the subject indebtedness.

29. Plaintiff is entitled to recover an attorneys fee in an amount of $ 8,750.00 and interest owed by Defendants HATTON, together with all Court costs and other necessary expenses incurred by Plaintiff in connection with the collection of the subject indebtedness.

30. Except for the indebtedness owed to DB as set forth above, Plaintiff's lien against the lands hereinabove described is prior and paramount to any right, title, claim, interest or equity of the Defendants HATTON or anyone claiming or holding any right, title, interest or equity acquired since the execution of the aforesaid promissory Note and Addendum to Promissory Note and Mortgage.

31. Defendants United States of America, Department of Treasury-Internal Revenue Service has a lien on the subject property that is junior and inferior to the first lien of DB and the lien of the Plaintiff.

32. The Mortgage held by Plaintiff on the lands is a second lien against the subject lands described in paragraph 25 above.

33. DB's mortgage includes lands that are not included in the mortgage from Defendants HATTON to the Plaintiff but are subject to the junior and subordinate lien of Defendant United States of America, Department of Treasury – Internal Revenue Service.

IT IS THEREFORE CONSIDERED, ORDERED AND ADJUDGED that DIAMOND BANK have a first lien against the real property described in Exhibit A hereto

*in rem* and against and against the real property described in Attachment A hereto *in rem* and against Bobby Hatton and Wanda Hatton, husband and wife, jointly and severally *in personam* as follows:

1. The sum of $121,170.22 for unpaid principal and accrued interest which was owed as of the date of August 25, 2010;

2. Interest from August 25, 2010 until paid at 9.25% per annum being $28.91238 per diem;

3. For an attorneys fee in the amount of $8,750.00;

4. For all delinquent property taxes on the property described in Exhibit "A" hereto; and

5. For title expenses of $787.00; and

6. For late charges of $773.31.

IT IS FURTHER CONSIDERED, ORDERED AND ADJUDGED that DIAMOND BANK have a first lien against the property described in paragraph 25 above *in rem* as follows:

| | |
|---|---|
| Principal in the amount of | $38,933.22 |
| Interest | 6,623.10 |
| | $45,556.32 |

Plus interest from 12/10/10 at 9% per annum being $9.59996 per day until paid.

IT IS FURTHER CONSIDERED, ORDERED AND ADJUDGED that Plaintiff Eugene Parliament have a second lien against the property described in paragraph 25 above as follows:

1. The sum of $316,591.13 for unpaid principal and accrued interest as of July 30, 2009;

2. Interest from July 30, 2009 at 6% per annum; and

3. For attorney's fees of $ 7,500.00 .

A. <u>Foreclosure</u>.

The lien of DIAMOND BANK, as well as its costs and attorney's fees, property taxes, late fees and expenses is declared a lien on the lands described in Exhibit A hereto and the lands described in Paragraph 25 hereto and the personal property on Exhibit B hereto superior and paramount to the interest of any or all of the parties hereto and if not paid within ten (10) days of the entry of this Judgment, that the Clerk of this Court be and is hereby appointed Commissioner of this Court to execute this Decree and is directed to sell the above-described real property and the above described personal property at public auction at the Montgomery County Courthouse, mount Ida, Arkansas, to the highest bidder on a credit of three (3) months, in accordance with law, after having first advertised the time, terms and place of sale thereof for a period of at least ten (10) days by publication in some newspaper in Montgomery County, Arkansas, and having a *bona fide* circulation therein, by at least one (1) insertion. The purchaser at such sale to be required to execute bond with approved surety to secure payment of the purchase price, and a lien shall be retained as additional security for the payment of said purchase

price. Upon the sale of such property, as aforesaid, and upon confirmation of such sale by the Court, all the right, title and equity of redemption of the Defendants shall be forever foreclosed and barred. <u>Provided</u>, that the United States of America pursuant to 26 U.S.C. Sec. 7425 and 28 U.S.C. Sec. 2410(c) shall have one hundred and twenty days (120) from the date of the sale within which to redeem the property by virtue of its tax liens herein by payment of the actual amount paid by the purchaser at the foreclosure sale plus any amount in excess of the expenses necessarily incurred in connection with such property less the income from such property plus a reasonable rental value of such property; the Commissioner shall offer the personal property for sale first and if said sale of the personal property shall not satisfy the Plaintiff's judgment then the Commissioner shall offer the real property for sale in tracts beginning with the property that is on Exhibit A and then the real property described in Paragraph 25.

B.  SURPLUS

If, after complete payment to Diamond Bank, there remains a surplus, the Commissioner shall distribute the surplus to the Plaintiff Eugene Parliament up to the amount required to satisfy his second lien on the property described in Paragraph 25 herein and if there still remains a surplus then the remaining surplus shall be distributed to the Internal Revenue Service.

C.  OTHER RELIEF

For all other relief as the Court deems legal, equitable, just and proper.

_____
CIRCUIT JUDGE

*Approved:*

Eugene Parliament, Plaintiff
By Its Attorney
BOB KEETER
610 Church Avenue
Mena, AR 71953
(479) 394-1735

BY: /s/ Bob Keeter
BOB KEETER, ABN 77076


Bobby Hatton and
Wanda Hatton, Defendants
By Their Attorney
J. BRENT STANDRIDGE
PO Box 494
Benton, AR 72018
(501) 315-5292


BY: _____
J. BRENT STANDRIDGE, ABN


DIAMOND BANK, Plaintiff
By Its Attorney
RICHARD L. COX, P.A.
835 Central Ave., Ste. 510
Hot Springs, AR 71901
(501) 623-1759

BY: /s/ Richard L. Cox
RICHARD L. COX, ABN 78032

11

United States of America
Department of the Treasury –
Internal Revenue Service by
Deborah Groom
United States Attorney
PO Box 1524
Fort Smith, AR 72901
(479) 783-5125

By: *[signature]*
MARK W. WEBB, ABN 77141
Assistant U.S. Attorney

EXHIBIT "A"

## MORTGAGE #1:

*Diamond Bank (Formerly The Bank Of Glenwood) recorded a Mortgage by Bobby Hatton and Wanda Hatton, husband and wife, Volume 98, page 484 et seq, on November 12, 1996 was 37.93 acres, now adjusted by Less #1 are easements right-of-ways of Federal Highway #270 of 2.14 acres and State Highway #27 of 0.81 acre; Less #2 of 2.0 acres; Less #3 of 2.04 acres; Less #4 of 3.03 acres; Less #5 of 2.15 acres and Less #6 of 0.43 acres; all of which reduces total acres by 12.6 acres for a net collateral to 25.33 acres.*

Part of the Southwest Quarter of the Southwest Quarter (Pt. SW1/4 SW1/4) in Section Thirteen (13), and Part of the Northeast Quarter of the Northeast Quarter (Pt. NE1/4 NE1/4) in Section Twenty-Three (23) and Part of the Northwest Quarter of the Northwest Quarter (Pt. NW1/4 NW1/4) in Section Twenty-Four (24), ALL in Township Two (2) South, Range Twenty- Five (25) West, MONTGOMERY COUNTY, Arkansas, described as: BEGINNING at the common corner of Sections 13, 14, 23 and 24 thence North 89 degrees 01 minute 50 seconds West 155.03 feet to a centerline point on State Highway # 27 North; Thence South 71 degrees 32 minutes 44 seconds West 970.57 feet along Highway #27 centerline; Thence Southwesterly along said centerline, on an arc having a radius of 2864.8 feet an arc length of 228.14 feet; Thence along the centerline of ditch and beyond to a point on the centerline of Federal Highway #270, South 08 degrees 23 minutes 21 seconds East 669.17 feet; Thence South 56 degrees 05 minutes 04 seconds East 820 feet centerline of Highway #270, more or less, to the centerline of the South Fork of the Ouachita River; Thence Northeasterly and Easterly downstream along said centerline 1522 feet more or less; Thence North 11 degrees 05 minutes 48 seconds East 923 feet, more or less, to the aforementioned centerline of Highway 27 North; Thence South 71 degrees 32 minutes 44 seconds West 761.75 feet; Thence South 54.4 feet to the POINT OF BEGINNING, Subject to Easements of record for utilities, and other matters of record, LESS and EXCEPT a prior one-half (1/2) interest retained in Oil, Gas and Minerals by heirs of Lydia Jackson found in deed volume 80, page 533 on 07/06/1984. *And LESS and EXCEPT the following Six (6) tracts, to wit:*

<u>Less and Except #1:</u> 2.215 acres lying in that Part of the NE1/4 NE1/4 of Section 23 and lying in that Part of the SW1/4 SW1/4 of Section 13, being within the South one half (1/2) width of Highway #27 North, and 2.14 acres lying in that Part of the NE1/4 NE1/4 of Section 23 within the Northeasterly one-half (1/2) width of Highway #270; All in Township 2 South, Range 25 West, MONTGOMERY COUNTY, Arkansas, being 4.355 acres in this Survey Exception.

<u>Less and Except #2:</u> Part of the NE1/4 NE1/4 of Section 23, Township 2 South, Range 25 West, MONTGOMERY COUNTY, Arkansas, as follows: Commencing at the common corner of Sections 13, 14, 23 and 24; Thence North 89 degrees 01 minute 50 seconds West 155.03 feet to a centerline point on State Highway # 27; Thence South 71 degrees 32 minutes 44 seconds West 253.45 feet to the POINT OF BEGINNING; Thence South 18 degrees 27 minutes 16 seconds East 260 feet; Thence South 71 degrees 32 minutes 44 seconds West 336 feet; Thence North 18 degrees 27 seconds 16 minutes West 260 feet to the centerline of Highway #27; Thence North 71 degrees 32 minutes 44 seconds East with the centerline of Highway #27 to the POINT OF BEGINNING, and being 2.0 acres in this partial release Exception.

2

**Less and Except #3:** Part of the NE1/4 NE1/4 of Section 23, Township 2 South, Range 25 West, MONTGOMERY COUNTY, Arkansas, as follows: Commencing at a found monument at the Northeast Corner of NE1/4 NE1/4; Thence North 89 degrees 57 minutes 22 seconds West 55.29 feet to a calculated point in the center of Highway 27 North; Thence South 71 degrees 32 minutes 44 seconds West 794.1 feet along the centerline of Highway #27 to a set mag nail and POINT of BEGINNING; Thence leaving Highway #27centerline South 20 degrees 18 minutes 18 seconds East 280.87 to a set mag nail in the centerline of Industry Drive; Thence continuing with centerline of Industry Drive, South 71 degrees 45 minutes 59 seconds West 314 feet to a set mag nail; Thence leaving the said centerline, North 20 degrees 18 minutes 18 seconds West 279.66 feet to a set mag nail in the centerline of highway 27 North; Thence along the said centerline North 71 degrees 32 minutes 44 seconds East 313.96 to the POINT OF BEGINNING, and being 2.04 acres in this partial release Exception.

**Less and Except #4:** Part of the NE1/4 NE1/4 of Section 23, and Part of the NW1/4 NW1/4 of Section 24, All in Township 2 South, Range 25 West, MONTGOMERY COUNTY, Arkansas, described as: BEGINNING at found monument at the Northeast Corner of Section 23; Thence South 24 degrees 33 minutes 18 seconds East 262.78 feet to a set rebar w/cap; Thence South 71 degrees 32 minutes 44 seconds West 487.71 feet to a set rebar w/cap; Thence North 18 degrees 27 minutes 16 seconds West 260 feet to a set rebar w/cap; Thence North 18 degrees 27 minutes 16 seconds West 20 feet to a set mag nail in the centerline of highway 27 North; Thence along the said centerline South 71 degrees 32 minutes 44 seconds West 403.57 feet to a set mag nail; Thence leaving the said centerline North 59 degrees 57 minutes 22 seconds 55.29 feet to the POINT OF BEGINNING, being 3.03 acres in this partial release Exception.

**Less and Except #5:** Part of the NE1/4 NE1/4 of Section 23, Township 2 South, Range 25 West, MONTGOMERY COUNTY, Arkansas, described as: Commencing at a monument at the Northeast Corner of the NE1/E NE1/4; Thence North 89 degrees 42 minutes West 72 feet to the centerline of Highway 27 North; Thence with said centerline South 70 degrees 14 minutes 18 seconds West 1106 feet for the POINT OF BEGINNING; Thence South 19 degrees 45 minutes 42 seconds East 286 feet to the middle of Industry Drive; Thence along or near the middle of Industry along or near the middle of Industry Drive, South 76 degrees 58 minutes 53 seconds West 47.55 feet; Thence along or near the middle of Industry Drive, South 51 degrees 24 minutes 08 seconds West 90.06 feet; Thence along or near the middle of Industry Drive, South 31 degrees 40 minutes 33 seconds West 195.47 feet to a point on the North Line of U.S. Highway #270; Thence North 63 degrees 24 minutes 11 seconds West 49.2 feet along the North Line of U.S. Highway #270 to a point in or near a ditch; Thence North 08 degrees 23 minutes 21 seconds West 391.feet with said ditch; Thence leaving the ditch North 08 degrees 23 minutes 23 seconds West 12 feet to the middle of State Highway #27; Thence with the middle of State Hwy. #27, North 70 degrees 14 minutes 18 seconds East 240.1 feet to the POINT OF BEGINNING, being 2.15 acres in this partial release Exception.

**LESS and EXCEPT #6:** A 25 foot wide utility and access easement, described as follows: Part of the NE1/4 NE1/4 of Section 23, Township 2 South, Range 25 West, MONTGOMERY COUNTY, Arkansas, as follows: Commencing at a found monument at the common corner of Sections 13, 14, 23 and 24; Thence North 89 degrees 01 minute 50 seconds West 155.03 feet; Thence South 71 degrees 32 minutes 44 seconds West 589.45 feet to the Point of Beginning of this Easement; thence South 18 degrees 27 minutes 16 seconds East 715.41 feet to a set iron pin; thence North 71 degrees 32 minutes 44 seconds East 25 feet; Thence North 18 degrees 27 minutes 16 seconds West 715.41 feet; Thence South 71 degrees 32 minutes 44 seconds West 25 feet to the Point of Beginning of this Easement, being 0.41 acres, more or less in this partial Release Exception. And, Part of the NE1/4 NE1/4 of Section 23, Township 2 South, Range 25 West, MONTGOMERY COUNTY, Arkansas, as follows: Commencing at a found monument at the common corner of

3

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ARKANSAS
CIVIL DIVISION

EUGENE PARLIMENT,                                                                PLAINTIFF

VS.                          DOCKET NO. CV-2009-073

BOBBY HATTON, et ux and et al                            DEFENDANTS

DIAMOND BANK                                         COUNTER-PLAINTIFF

VS.

EUGENE PARLIMENT                                    COUNTER-DEFENDANT

DIAMOND BANK                                           CROSS-PLAINTIFF

VS.

BOBBY HATTON and WANDA HATTON, husband and wife
UNITED STATES OF AMERICA, DEPARTMENT OF TREASURY -
INTERNAL REVENUE SERVICE,                         CROSS-DEFENDANTS

## DEFICIENCY JUDGMENT

On this 7th day of September, 2011, the cause noted above came before the Court and the Court, upon being advised in the premises, found and ordered as follows:

1.      That this Court has jurisdiction over this cause of action, the subject matter hereof and the parties hereto.

2.      That this Court finds that, pursuant to the Judgment entered in this cause of action on March 2, 2011, the lands and items of personal property involved in this proceeding were sold at public auction; that all sums owed to Cross-Plaintiff, DIAMOND BANK, were satisfied and paid in full; and that, on July 15, 2011, the total sum of $141,892.32 was paid to Plaintiff, EUGENE

Page 1 of 2

PARLIMENT, for application towards the Judgment granted to Plaintiff against Defendants, BOBBY HATTON and WANDA HATTON, husband and wife, in connection with this cause of action.

3. That this Court finds that the Judgment granted to Plaintiff, EUGENE PARLIMENT, against Defendants, BOBBY HATTON and WANDA HATTON, husband and wife, on March 2, 2011 in this proceeding was in the sum of $316,591.13, together with interest thereon from and after the date of July 30, 2009 at the rate of six (6) percent interest per annum and together with an attorney's fee in the sum of $7,500.00.

4. That this Court finds that, after application of the aforesaid sum of $141,892.32 which was paid to Plaintiff on July 15, 2011, the present balance owed by Defendants, BOBBY HATTON and WANDA HATTON, husband and wife, to Plaintiff, EUGENE PARLIMENT, as of the date of entry thereof, in the total sum of $220,623.92, which said sum will draw interest from and after the date of entry hereof at the rate of six (6) percent per annum.

It is therefore ORDERED, ADJUDGED AND DECREED that the Deficiency Judgment held by Plaintiff, EUGENE PARLIMENT, against Defendants, BOBBY HATTON and WANDA HATTON, husband and wife, is in the sum of $220,623.92 as of the date of entry hereof; that the aforesaid Deficiency Judgment shall bear interest from and after the date of entry hereof at the rate of six (6) percent per annum, for which execution may issue, it being the further order of this Court that Defendants, BOBBY HATTON and WANDA HATTON, husband and wife, shall file a schedule of their property, as contemplated and provided for by A.C.A. section 16-66-221, within 45 days from the date of entry hereof.

_____
J.W. LOONEY, Circuit Judge